# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4016

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Alejandro Rivera, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 30, 2005
Filed: January 3, 2006

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Alejandro Rivera appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon his guilty plea to distributing and possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and to a forfeiture count under 21 U.S.C. § 853. The district court sentenced Rivera to 70 months imprisonment and 5 years supervised release. For reversal Rivera now argues (though he did not so object below) that the district court erred in viewing the Sentencing Guidelines as mandatory, which resulted in an unreasonable sentence

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

under United States v. Booker, 125 S. Ct. 738 (2005).  For the following reasons, we affirm the judgment of the district court.

While the district court plainly erred in sentencing Rivera under mandatory Guidelines, we conclude that the error was not prejudicial because the record does not establish a reasonable probability that Rivera would have received a more favorable sentence under an advisory Guidelines scheme.  See United States v. Pirani, 406 F.3d 543, 550-53 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005).  We also conclude that the sentence is not unreasonable.  See United States v. Booker, 125 S. Ct. at 765-66 (appellate courts now review sentences for unreasonableness; 18 U.S.C. § 3553(a) sets forth factors that guide sentencing and in turn will guide appellate courts in determining whether sentence is reasonable).

Accordingly, we affirm.

_____